(No. 83-CC-0081—

LILIAN LEE and DONALD TWEEDY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 20, 1984.*

MOORE, NELSON & STIPP (GORDEN R. STIPP, of counsel), Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming on to be heard on the joint stipulation of the Claimant and the Respondent and the Court being fully advised in the premises:

Finds, that during the period of July 1, 1978, to June 30, 1981, the Claimants were the owners, as tenants in common, of a certain commercial building and real estate consisting of approximately 1400 square feet and located at R.R.1, North Dixie Highway, Hoopeston, Vermillion County, Illinois.

On July 1, 1978, Claimants entered into à written lease agreement with the State of Illinois, through the office of Alan J. Dixon, Secretary of State (here and after referred to as lessee), for use by lessee and its Driver Services Department of the premises herein described as the drivers license examination facility, for an initial two-year period and for a total consideration of $16,800.00, payable in 24 monthly rental installments of $700.00 each, commencing July 1, 1978. A true copy of the lease

agreement was attached to the joint stipulation of the parties as Exhibit A.

On April 4, 1980, pursuant to section III (c) of the lease agreement, lesse exercised its option to renew said lease for an additional two-year period by written letter, dated April 4, 1980. A true copy of the renewal letter was attached to the joint stipulation of the Claimant and the Respondent as Exhibit B.

Satisfactory delivery of goods and services was provided by Claimants to lessee pursuant to the lease agreement, and lessee continuously occupied, and continues to occupy the premises and operates a drivers license examination facility on the premises belonging to the Claimants from July 1, 1978, to the present.

There remains in controversy, and unpaid by the Respondent to the Claimants, a total sum of $8,400.00, which the Claimants maintain they are entitled to receive from the Respondent. This $8,400.00 is for the rent payments for fiscal year 1981. The appropriation from which this claim would have been paid is 1233-011-35010-1200-00-00. This appropriation has lapsed, and sufficient funds remain in it to pay this claim.

This is a matter of lapsed appropriations, and no new issues of law were presented. No other evidence, oral or written, was presented to the Court, and both parties waived briefs.

Both parties agreed that this award of $8,400.00 will constitute full and final satisfaction of the claim herein or any other claim arising out of the same occurrence.

While this Court is not necessarily bound by a stipulation such as this, it has no desire to interpose a controversy where none appears to exist. The stipulation submitted by the parties appears to have been entered

into freely and fairly, and its contents appear to be reasonable. The Court, therefore, finds no reason not to accept this stipulation and to follow its recommendation of an award for $8,400.00.

It is hereby ordered, that the Claimants be awarded $8,400.00 in full and final satisfaction of this Claim.